UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | Judge Jorge L. Alonso |
| vs. | ) ) | Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

SETTLEMENT AGREEMENT

This Settlement Agreement dated as of April 1, 2015 (the "Stipulation" or the "Settlement Agreement"), entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiffs The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Defendants Allscripts Healthcare Solutions, Inc. ("Allscripts" or the "Company"), Glen E. Tullman, William J. Davis and Lee Shapiro (collectively, "Defendants") on the other hand, by and through their counsel of record in the above-captioned consolidated litigation pending in the United States District Court for the Northern District of Illinois (the "Action"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.     THE LITIGATION

This case is currently pending before the Honorable Jorge L. Alonso in the United States District Court for the Northern District of Illinois ("the Court"). It is brought on behalf of the Class (to be certified for settlement purposes only) of all persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive ("the Class Period") and were damaged by Defendants' alleged violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"). The initial complaint was filed on May 2, 2012, and on November 9, 2012, the Court issued an order appointing The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund as Lead Plaintiffs, and Robbins Geller Rudman & Dowd LLP Lead

Counsel. On January 10, 2013, Lead Plaintiffs filed their complaint, which was amended on May 15, 2013 ("the Amended Complaint").

Lead Plaintiffs alleged in the Amended Complaint that during the Class Period, Defendants made false and misleading statements to investors regarding the success of Allscripts' merger with Eclipsys Corporation, and in particular regarding the progress of Defendants' efforts to integrate the two companies' software products and personnel. Lead Plaintiffs further alleged that Defendants' financial guidance for 2012 did not have a reasonable basis, because of the undisclosed obstacles to product integration and discord within the Company. Finally, Lead Plaintiffs alleged that Defendant Shapiro sold 100,000 shares of Allscripts stock while in possession of material, nonpublic information, in violation of §20A of the Exchange Act.

From the outset of the litigation, Defendants have denied all of these allegations and have consistently maintained that they never made any statement to the market that was or that they believed was false or misleading, that their statements were forward-looking and protected by the Private Securities Litigation Reform Act's Safe Harbor provisions, and that Defendants' stock sales neither violated §20A of the Exchange Act nor supported an inference of scienter. Defendants believed at the time and still believe that, during the Class Period and at all other times, Defendants' public statements were truthful, accurate, and not misleading, including those statements regarding the integration of products and personnel, and that their 2012 financial guidance had a reasonable basis. As a result, and as argued in their motion to dismiss the Action, which is pending at the time of this Settlement, Defendants contend that Lead Plaintiffs did not plead an actionable claim and cannot prove any element of securities fraud, including, but not limited to, scienter.

On May 28, 2013, Defendants moved to dismiss the Amended Complaint with prejudice, asserting that Lead Plaintiffs failed to state a claim for relief and that further amendments would be futile. Lead Plaintiffs filed their opposition on June 24, 2013, and Defendants filed their reply on

July 22, 2013.  At the time the Settling Parties reached an agreement to settle the Action, Defendants' motion to dismiss the Amended Complaint was pending before the Court.

During the litigation, the Settling Parties participated in a full-day mediation session, as well as numerous follow up communications, with well-respected mediator Hunter R. Hughes, Esq., who has extensive experience mediating complex class action litigations such as this Action.  The mediation included the exchange of lengthy briefs detailing the parties' respective arguments concerning liability and damages and substantial communications with the mediator and with each other regarding their respective views of the merits of the Action.  The parties ultimately agreed to settle the Action based upon a Mediator's Proposal issued by Mr. Hughes.

## II.    CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. But Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with the pending motion to dismiss, Lead Plaintiffs' forthcoming motion for class certification, Defendants' anticipated summary judgment motion, and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury.  Lead Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Action.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

- 3 -

## III.     THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny that they have violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Allscripts common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the

1009113_3

other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to Lead Plaintiffs and the Defendants, upon and subject to the terms and conditions of the Stipulation, as follows.

## 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class" means all persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Allscripts and their families and affiliates. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

1.4 "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5 "Class Period" means the period from November 8, 2010 through and including April 26, 2012.

1.6 "Defendants" means Allscripts, Glen E. Tullman, William J. Davis and Lee Shapiro.

1.7 "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8 "Escrow Account" means the account controlled by the Escrow Agent.

- 5 -

1.9     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10     "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal such that it is no longer subject to any further judicial review or appeal whatsoever, and in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.11     "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.12     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.13     "Lead Plaintiffs" means The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund.

1.14     "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶6.4 of this Stipulation.

- 6 -

1.15    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Plaintiffs' Counsel" means any counsel who entered an appearance in the Action or any action that has been consolidated with the Action.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

1.18    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

1.19    "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having

- 7 -

arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined in ¶1.24 hereof), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with: (a) both a Class Member's legal or beneficial acquisition of Allscripts common stock during the Class Period and the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action; or (b) any claims relating to the institution, prosecution, assertion, settlement, or resolution of the Action.

1.20    "Released Persons" means each and all of Defendants and each and all of their Related Persons.

1.21    "Settlement Amount" means Nine Million, Seven Hundred Fifty Thousand Dollars ($9,750,000) in cash paid by or on behalf of Defendants pursuant to ¶3.1 of this Stipulation.

1.22    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent.  Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.23    "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

1.24    "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement

- 8 -

with and release of the Released Persons, or might have affected his, her or its decision not to object

to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and

agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members

shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest

extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which

provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by

operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and

Class Members may hereafter discover facts in addition to or different from those which he, she or it

now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead

Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever settled and released any and

all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to,

conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule,

without regard to the subsequent discovery or existence of such different or additional facts, whether

or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

## 2. CAFA Notice

2.1     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, Defendants shall cause notice of the proposed Settlement upon the United States Attorney General and each State Attorney General. Simultaneously, Defendants shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiffs.

## 3. The Settlement

### a. The Settlement Amount

3.1     Defendants shall cause their D&O Insurer to transfer the Settlement Amount to an account controlled by the Escrow Agent within ten (10) business days after the later of (a) the order granting the motion for preliminary approval or (b) the receipt by Defendants' counsel of wire/check payee instructions and a Form W-9 providing the tax identification number for the Escrow Account. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

### b. The Escrow Agent

3.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.3    The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6    Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $300,000.00 in notice and administration costs associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Class Notice and Administration Costs"). Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $300,000.00 shall require notice to and agreement from the

Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused. Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Class Notice and Administration Costs in excess of $300,000.00.

### c.      Taxes

### Qualified Settlement Fund

3.7     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

### d. Termination of Settlement

3.8     In the event the Stipulation: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the

- 13 -

Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded pursuant to written instructions from Defendants' counsel.

### 4. Notice Order and Settlement Hearing

4.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2    Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 5. Releases

5.1    Upon the Effective Date, Lead Plaintiffs and each of the Class Members (who have not validly opted out of the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims

- 14 -

arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2     Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within ten (10) calendar days after execution of this Stipulation, counsel for Defendants shall provide the Claims Administrator with a list of names and addresses of record

- 15 -

holders of Allscripts common stock during the Class Period. This information shall be provided in an electronic format acceptable to the Claims Administrator. Defendants shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record, identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses and Lead Plaintiffs' expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all Class Notice and Administration Costs;

(c)     to pay Taxes and Tax Expenses; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

- 16 -

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is finally rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

- 17 -

6.9    Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable time from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

6.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court, and neither Defendants nor any of the Defendants' Related Persons shall have any responsibility or liability to Lead Plaintiffs or any Class Member with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

6.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

- 18 -

6.13    No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.  The claim of any Person may be allowed, disallowed, or adjusted on equitable grounds.

### 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Amount for (a) an award of attorneys' fees to be paid out of the Settlement Amount plus (b) expenses in connection with prosecuting the Action, plus interest on both amounts.  Lead Plaintiffs may submit a request for their expenses in representing the Class.  Any and all such fees, expenses and costs awarded by the Court (whether payable to Lead Counsel or Lead Plaintiffs) shall be payable solely out of the Settlement Fund.

7.2    The attorneys' fees and expenses, and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, within 30 days following any order by the Court awarding such fees and expenses.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice

- 19 -

from Defendants' counsel or from a court of competent jurisdiction. Any refunds required pursuant to this paragraph shall be the obligation of each Plaintiffs' Counsel receiving fees or expenses (to the extent of such amounts received) to make appropriate refunds or repayments to the Settlement Fund. Each Plaintiffs' Counsel, as a condition of receiving such fees, expenses and/or costs on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     Defendants, Defendants' insurers and Defendants' Related Persons shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Amount pursuant to ¶3.1.

7.5     Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel or any Class Member's counsel, and/or any other Person who may assert any claim thereto, of any Fee and Expense Award that the Court may make in the Action.

## 8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

- 20 -

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Fund amount has been deposited with the Escrow Agent;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Lead Plaintiffs, the Class, and the Defendants, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.10 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased or otherwise acquired a number of shares of Allscripts common stock during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiffs and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute

- 21 -

between Lead Plaintiffs and Defendants concerning its interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel. Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that the Defendants serve a written notice of termination, the Defendants may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Eastern Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Defendants' counsel. Lead Plaintiffs agree that they shall not elect to opt out from the Class.

8.4      Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.

8.5      In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of February 17, 2015, and the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 shall be returned to the original source of the Settlement Fund.

- 22 -

In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.24, 3.6-3.8, 7.2, 8.4-8.5 and 9.3-9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of February 17, 2015. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses, and interest awarded by the Court to Lead Counsel or Lead Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

8.6     Lead Counsel shall have the right but not the obligation to terminate the Settlement twenty-one (21) calendar days after the failure of Defendants to timely pay the Settlement Amount.

### 9.     Miscellaneous Provisions

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party or any of the Released Persons as to the merits of any claim or defense. The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Settling Parties agree that the Settlement Amount and the other terms

- 23 -

of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.8     The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶8.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between or among Defendants and/or their insurers, in any separate agreements between or among them), each Settling Party shall bear its own costs.

9.9     This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.10    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court materially modifies any material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or

- 25 -

the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute funds in addition to the Settlement Amount.

9.11    Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12    Lead Plaintiffs and Lead Counsel represent and warrant that none of the Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.14    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiffs or to Lead Counsel*:

Theodore J. Pintar
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

- 26 -

***If to Defendants or to Defendants' Counsel***:

Walter C. Carlson
James W. Ducayet
Zachary A. Madonia
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603

9.15    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.16    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.17    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.18    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.19    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois, without giving effect to that State's choice-of-law principles.

1009113_3

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated April _l_, 2015.

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
SUSANNAH R. CONN

_____
THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

SIDLEY AUSTIN LLP
WALTER C. CARLSON
JAMES W. DUCAYET
ZACHARY A. MADONIA

_____
JAMES W. DUCAYET

One South Dearborn Street
Chicago, IL 60603
Telephone: 312/853-7000
312/853-7036 (fax)

- 28 -

1009113_3

Attorneys for Defendants Allscripts Healthcare Solutions, Inc., Glen E. Tullman, William J. Davis, and Lee Shapiro

INDEX OF EXHIBITS TO SETTLEMENT AGREEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| Final Judgment and Order of Dismissal with Prejudice | B |

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | Judge Jorge L. Alonso Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

EXHIBIT A

WHEREAS, an action is pending before this Court styled *Bristol County Retirement System v. Allscripts Healthcare Solutions, Inc.*, *et al.*, No. 1:12-cv-03297 (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated April 1, 2015 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and their Related Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2015 [a date approximately 90 days from the Notice Date], at _:__ _.m., at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, Illinois 60604, to certify a Class of Persons for settlement purposes, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.11 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be

- 1 -

awarded to Lead Counsel; to determine the amount of expenses to be awarded to Lead Plaintiffs for their service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any award of fees and expenses to Plaintiffs' Counsel and to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Class for settlement purposes only defined as: All persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Allscripts and their families and affiliates. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within ten (10) calendar days after execution of the Settlement Agreement, counsel for Defendants, if they have not already done so, shall provide the Claims Administrator and Lead Counsel with a list of names and addresses of record holders of Allscripts common stock during the Class Period;

(b) Not later than _____, 2015 (the "Notice Date") [a date approximately fourteen (14) calendar days after entry of this Order], Lead Counsel and/or the Claims Administrator shall commence mailing of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the Claims Administrator's website at www.allscriptssecuritieslitigation.com;

(c)     Not later than _____, 2015 [a date approximately 10 days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d)     Not later than _____, 2015 [a date approximately 10 days prior to the Settlement Hearing], Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.     Nominees who purchased Allscripts common stock for the benefit of another Person during the Class Period, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Allscripts common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

6.     Other than the cost, if any, of providing the names and addresses of Persons who purchased Allscripts common stock during the Class Period to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

7.     All members of the Class (except Persons who request exclusion pursuant to ¶10 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

- 3 -

8.      Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____, 2015 [a date approximately 90 days from the Notice Date].  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9.      Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2015 [a date approximately 21 days prior to the Settlement Hearing].  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Allscripts common stock from November 8, 2010 through and including April 26, 2012, including the dates, the number of shares of Allscripts common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement

- 4 -

Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

11. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing.

12. Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs and to Lead Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and James W. Ducayet, Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, on or before _____, 2015 [a date approximately 21 days prior to the Settlement Hearing]; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Illinois, on or before _____, 2015 [a date approximately 21 days prior to the Settlement Hearing]. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of

Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

14.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel and Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than _____, 2015 [a date approximately 35 days prior to the Settlement Hearing] and any reply papers shall be filed and served no later than _____, 2015 [a date approximately 10 days prior to the Settlement Hearing].

15.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

17.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

18.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by

any of the Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

19.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

20.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: _____        _____
                                                    THE HONORABLE JORGE L. ALONSO
                                                    UNITED STATES DISTRICT JUDGE

1010195_3

EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | Judge Jorge L. Alonso <br> Magistrate Judge Young B. Kim |
| vs. | ) ) | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

TO:     **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. ("ALLSCRIPTS" OR THE "COMPANY") BETWEEN NOVEMBER 8, 2010 AND APRIL 26, 2012, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2015.

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois (the "Court"). The purpose of this Notice of Pendency and Proposed Settlement of Class Action ("Notice") is to inform you of the proposed settlement of this securities class action litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement.  The Settlement resolves the Class's claims asserted against the Defendants.  This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

The proposed Settlement creates a fund in the amount of Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) in cash plus interest that accrues on the fund prior to distribution. Based on the information currently available to Lead Plaintiffs and the analysis performed by their damages consultant, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution, the estimated average distribution per share will be approximately $0.027 before deduction of Court-approved fees and expenses.  Historically, actual claims rates are less than 100%, which result in higher distributions per share.  Your actual recovery from this fund will

- 1 -

depend on a number of variables, including the expense of administering the Settlement, number of claimants, the amount of Allscripts common stock you and they purchased, the amount of Allscripts common stock you and they sold, and the timing of your purchases or sales, if any (*see* the Plan of Allocation below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

The Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Allscripts common stock; (3) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of Allscripts common stock; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Allscripts common stock; (5) the effect of various market forces influencing the trading price of Allscripts common stock; (6) the amount by which the price of Allscripts common stock was allegedly artificially inflated (if at all); and (7) the appropriate economic model for determining the amount by which the price of Allscripts common stock was allegedly artificially inflated (if at all). Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted. The Defendants deny that they have violated the federal securities laws or any laws.

Lead Plaintiffs believe that the proposed Settlement is a good recovery and is in the best interests of the Class. There were significant risks associated with continuing to litigate through trial, and if the Defendants succeeded in dismissing the Action, at summary judgment, or prevailed at trial, the Class would receive nothing. In addition, the amount of damages recoverable by the

- 2 -

Class was and is challenged by the Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law, and had the Action gone to trial, the Defendants intended to assert that all of the losses of Class Members were caused by non-actionable market, industry, general economic or company-specific factors, other than the revelation of the facts alleged to be misleadingly stated or omitted.

Lead Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have they been paid their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of up to 33% of the settlement proceeds plus expenses not to exceed $170,000, plus interest on such amounts, all of which shall be paid from the Settlement Fund. If the amounts requested by counsel are approved by the Court, the average cost per share would be approximately $0.0094.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed Settlement.

For further information regarding this Settlement you may contact: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 1-800-449-4900. Please do not call any representative of the Defendants or the Court.

## I.      NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on _____, 2015, at _:__ _.m., before the Honorable Jorge L. Alonso, United States District Judge, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, Illinois 60604. The purpose of the Settlement Hearing

- 3 -

will be to determine: (1) whether the Settlement consisting of Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) in cash plus accrued interest on the Settlement Amount should be approved as fair, reasonable, and adequate to the Class, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement dated April 1, 2015; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; and (3) whether the application by Lead Counsel and Lead Plaintiffs for an award of attorneys' fees and expenses should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II. DEFINITIONS USED IN THIS NOTICE

1. "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Settlement Agreement.

2. "Claims Administrator" means the firm of Gilardi & Co. LLC.

3. "Class" means all persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Allscripts and their families and affiliates. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4. "Class Member" means a Person who falls within the definition of the Class as set forth above.

5. "Class Period" means the period from November 8, 2010 through and including April 26, 2012.

6. "Defendants" means Allscripts, Glen E. Tullman, William J. Davis and Lee Shapiro.

7. "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Settlement Agreement have been met and have occurred.

- 4 -

8.      "Escrow Account" means the account controlled by the Escrow Agent.

9.      "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

10.      "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached to the Settlement Agreement, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal such that it is no longer subject to any further judicial review of appeal whatsoever, and in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Settlement Agreement.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

11.      "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached to the Settlement Agreement as Exhibit B.

12.      "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

13.      "Lead Plaintiffs" means The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund.

14.      "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Settlement Agreement, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶6.4 of the Settlement Agreement.

15.      "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

16.      "Plaintiffs' Counsel" means any counsel who entered an appearance in the Action or any action that has been consolidated with the Action.

17.      "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Settlement Agreement and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

18.      "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

19.      "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses,

- 6 -

controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined below), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with: (a) both a Class Member's legal or beneficial acquisition of Allscripts common stock during the Class Period and the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action; or (b) any claims relating to the institution, prosecution, assertion, settlement, or resolution of the Action.

20.     "Released Persons" means each and all of Defendants and each and all of their Related Persons.

21.     "Settlement Amount" means Nine Million, Seven Hundred Fifty Thousand Dollars ($9,750,000) in cash paid by or on behalf of Defendants pursuant to ¶3.1 of the Settlement Agreement.

22.     "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent.  Such amount is paid as consideration for full and complete settlement of all the Released Claims.

23. "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

24. "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

- 8 -

law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

## III.    THE LITIGATION

This case is currently pending before the Honorable Jorge L. Alonso in the United States District Court for the Northern District of Illinois ("the Court"). It is brought on behalf of the Class (to be certified for settlement purposes only) of all persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive ("the Class Period") and were damaged by Defendants' alleged violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"). The initial complaint was filed on May 2, 2012, and on November 9, 2012, the Court issued an order appointing The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund as Lead Plaintiffs, and Robbins Geller Rudman & Dowd LLP Lead Counsel. On January 10, 2013, Lead Plaintiffs filed their complaint, which was amended on May 15, 2013 ("the Amended Complaint").

Lead Plaintiffs alleged in the Amended Complaint that during the Class Period, Defendants made false and misleading statements to investors regarding the success of Allscripts' merger with Eclipsys Corporation, and in particular regarding the progress of Defendants' efforts to integrate the two companies' software products and personnel. Lead Plaintiffs further alleged that Defendants' financial guidance for 2012 did not have a reasonable basis, because of the undisclosed obstacles to

- 9 -

product integration and discord within the Company. Finally, Lead Plaintiffs alleged that Defendant Shapiro sold 100,000 shares of Allscripts stock while in possession of material, nonpublic information, in violation of §20A of the Exchange Act.

From the outset of the litigation, Defendants have denied all of these allegations and have consistently maintained that they never made any statement to the market that was or that they believed was false or misleading, that their statements were forward-looking and protected by the Private Securities Litigation Reform Act's Safe Harbor provisions, and that Defendants' stock sales neither violated §20A of the Exchange Act nor supported an inference of scienter. Defendants believed at the time and still believe that, during the Class Period and at all other times, Defendants' public statements were truthful, accurate, and not misleading, including those statements regarding the integration of products and personnel, and that their 2012 financial guidance had a reasonable basis. As a result, and as argued in their motion to dismiss the Action, which is pending at the time of this Settlement, Defendants contend that Lead Plaintiffs did not plead an actionable claim and cannot prove any element of securities fraud, including, but not limited to, scienter.

On May 28, 2013, Defendants moved to dismiss the Amended Complaint with prejudice, asserting that Lead Plaintiffs failed to state a claim for relief and that further amendments would be futile. Lead Plaintiffs filed their opposition on June 24, 2013, and Defendants filed their reply on July 22, 2013. At the time the Settling Parties reached an agreement to settle the Action, Defendants' motion to dismiss the Amended Complaint was pending before the Court.

During the litigation, the Settling Parties participated in a full-day mediation session, as well as numerous follow up communications, with well-respected mediator Hunter R. Hughes, Esq., who has extensive experience mediating complex class action litigations such as this Action. The mediation included the exchange of lengthy briefs detailing the parties' respective arguments concerning liability and damages and substantial communications with the mediator and with each

- 10 -

1010218_3

other regarding their respective views of the merits of the Action. The parties ultimately agreed to settle the Action based upon a Mediator's Proposal issued by Mr. Hughes.

## IV. CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. But Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with the pending motion to dismiss, Lead Plaintiffs' forthcoming motion for class certification, Defendants' anticipated summary judgment motion, and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Lead Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is in the best interests of Lead Plaintiffs and the Class.

## V. THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny that they have violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that

could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Allscripts common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement. As set forth in ¶¶9.2-9.3 of the Settlement Agreement, the Settlement Agreement shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## VI. TERMS OF THE PROPOSED SETTLEMENT

Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent within ten (10) business days after the later of (a) the order granting the motion for preliminary approval or (b) the receipt by Defendants' counsel of wire/check payee instructions and a Form W-9 providing the tax identification number for the Escrow Account. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted.

- 12 -

In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel and Lead Plaintiffs as attorneys' fees and for expenses in litigating the case. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim and Release forms.

## VII.    PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

### *PLAN OF ALLOCATION*

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

---

For shares of Allscripts common stock purchased on or after November 8, 2010 through on or before April 26, 2012, the claim per share shall be as follows:

1.    If sold prior to April 27, 2012, then the claim per share is zero.

2.    If sold on or after April 27, 2012 through on or before July 25, 2012, then the claim per share shall be the least of:

- 13 -

(a)      $4.86 per share;

(b)      the difference between the purchase price per share and the sales price per share; and

(c)      the difference between the purchase price per share and the average closing price per share from April 27, 2012 up to the date of sale, as set forth in Table A below.

3.      If retained at the close of trading on July 25, 2012, or sold thereafter, the claim per share shall be the lesser of:

(a)      $4.86 per share; and

(b)      the difference between the purchase price per share and $10.55 per share.

## TABLE A:

| Date | Closing Price | Average Closing Price from April 27, 2012 through Sales Date |
|---|---|---|
| 4/27/2012 | $10.30 | $10.30 |
| 4/30/2012 | $11.10 | $10.70 |
| 5/1/2012 | $10.93 | $10.77 |
| 5/2/2012 | $10.71 | $10.76 |
| 5/3/2012 | $10.61 | $10.73 |
| 5/4/2012 | $10.57 | $10.70 |
| 5/7/2012 | $10.71 | $10.70 |
| 5/8/2012 | $10.75 | $10.71 |
| 5/9/2012 | $10.86 | $10.73 |
| 5/10/2012 | $10.97 | $10.75 |
| 5/11/2012 | $11.08 | $10.78 |
| 5/14/2012 | $11.03 | $10.80 |
| 5/15/2012 | $10.94 | $10.81 |
| 5/16/2012 | $10.95 | $10.82 |
| 5/17/2012 | $10.75 | $10.82 |
| 5/18/2012 | $10.81 | $10.82 |
| 5/21/2012 | $10.97 | $10.83 |
| 5/22/2012 | $11.20 | $10.85 |
| 5/23/2012 | $11.05 | $10.86 |
| 5/24/2012 | $10.93 | $10.86 |
| 5/25/2012 | $10.99 | $10.87 |

- 14 -

| | | |
|---|---|---|
| 5/29/2012 | $11.21 | $10.88 |
| 5/30/2012 | $10.97 | $10.89 |
| 5/31/2012 | $10.82 | $10.88 |
| 6/1/2012 | $10.45 | $10.87 |
| 6/4/2012 | $10.58 | $10.85 |
| 6/5/2012 | $10.53 | $10.84 |
| 6/6/2012 | $10.59 | $10.83 |
| 6/7/2012 | $10.86 | $10.83 |
| 6/8/2012 | $11.04 | $10.84 |
| 6/11/2012 | $10.83 | $10.84 |
| 6/12/2012 | $10.91 | $10.84 |
| 6/13/2012 | $10.70 | $10.84 |
| 6/14/2012 | $11.00 | $10.84 |
| 6/15/2012 | $10.90 | $10.85 |
| 6/18/2012 | $10.93 | $10.85 |
| 6/19/2012 | $10.98 | $10.85 |
| 6/20/2012 | $10.63 | $10.85 |
| 6/21/2012 | $10.09 | $10.83 |
| 6/22/2012 | $10.10 | $10.81 |
| 6/25/2012 | $9.87 | $10.79 |
| 6/26/2012 | $9.98 | $10.77 |
| 6/27/2012 | $9.99 | $10.75 |
| 6/28/2012 | $9.95 | $10.73 |
| 6/29/2012 | $10.93 | $10.73 |
| 7/2/2012 | $10.72 | $10.73 |
| 7/3/2012 | $10.79 | $10.74 |
| 7/5/2012 | $10.71 | $10.73 |
| 7/6/2012 | $10.45 | $10.73 |
| 7/9/2012 | $10.42 | $10.72 |
| 7/10/2012 | $10.01 | $10.71 |
| 7/11/2012 | $10.21 | $10.70 |
| 7/12/2012 | $10.15 | $10.69 |
| 7/13/2012 | $10.34 | $10.68 |
| 7/16/2012 | $9.94 | $10.67 |
| 7/17/2012 | $9.79 | $10.65 |
| 7/18/2012 | $9.49 | $10.63 |
| 7/19/2012 | $9.99 | $10.62 |
| 7/20/2012 | $9.90 | $10.61 |
| 7/23/2012 | $9.51 | $10.59 |
| 7/24/2012 | $9.30 | $10.57 |
| 7/25/2012 | $9.33 | $10.55 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Allscripts common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Allscripts common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Allscripts common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction over an appeal by any Class Member of the Claims Administrator's determinations regarding a Class Member's claim or to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. No Person shall have any claim against the Lead Plaintiffs, Lead Plaintiffs' counsel, any claims administrator, or other Person designated by Lead Plaintiffs' counsel, or Defendants or Defendants'

- 16 -

counsel based on distributions made substantially in accordance with the Settlement Agreement and the settlement contained therein, the Plan of Allocation, or further orders of the Court.

## VIII.    PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice.  If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the Settlement in the litigation against the Defendants whether or not you file a Proof of Claim and Release form.

*If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel*.  If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE.  A Proof of Claim and Release is enclosed with this Notice or it may be downloaded at www.allscriptssecuritieslitigation.com.  The Proof of Claim and Release must be postmarked (if mailed) or received (if filed electronically) on or before _____, 2015.    The    claim    form    may    be    submitted    online    at www.allscriptssecuritieslitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Settlement Agreement and the Final Judgment.

## IX.    EXCLUSION FROM THE CLASS

You may request to be excluded from the Class.  To do so, you must mail a written request stating that you wish to be excluded from the Class to:

1010218_3

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases and sales of Allscripts common stock made from November 8, 2010 through April 26, 2012, inclusive, including the dates and prices of each purchase or sale, and the number of shares purchased or sold. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2015. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment.

## X.     DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Released Persons as provided in the Settlement Agreement.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims, including Unknown Claims, against all Released Persons as provided in the Settlement Agreement.

## XI.     APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of up to 33% of the Settlement Amount, plus litigation expenses not to exceed $170,000, plus interest thereon. Class Members are not personally liable for any such fees, expenses, or compensation. In addition, Lead Plaintiffs may seek an amount not to exceed a total of $5,000 for their time and expenses incurred in representing the Class.

- 18 -

To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have counsel been paid for their expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiff's counsel under similar circumstances in litigation of this type.

## XII.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Judgment. Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Settling Parties to the Settlement Agreement will be restored to their respective positions as of February 17, 2015.

## XIII.   THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses may appear and be heard at the Settlement Hearing.[1] Any such Person

---

[1]     Lead Counsel's pleadings in support of these matters will be filed with the Court on or before _____, 2015.

must submit and serve a written notice of objection, to be *received* on or before _____, 2015, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ILLINOIS
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street
> Chicago, IL  60604

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> THEODORE J. PINTAR
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

> *Counsel for Lead Plaintiffs*

> SIDLEY AUSTIN LLP
> JAMES W. DUCAYET
> One South Dearborn Street
> Chicago, IL  60603

> *Counsel for Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Allscripts common stock purchased and sold from November 8, 2010 through April 26, 2012, inclusive, and contain a statement of the reasons for objection.  Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIV.  SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you hold or held any Allscripts common stock purchased between November 8, 2010 and April 26, 2012, inclusive, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

- 20 -

1010218_3

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XV.    EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Settlement Agreement.  For full details of the matters discussed in this Notice, you may review the Settlement Agreement filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  The motion papers, with exhibits, including the Settlement Agreement, are also available on the Court's ECF website (for a fee).  Certain papers relating to the Settlement, including the Settlement Agreement, are also available at the Claims Administrator's website www.allscriptssecuritieslitigation.com.

If you have any questions about the Settlement of the Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900.

- 21 -

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2015     BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF ILLINOIS

1010218_3

EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | Judge Jorge L. Alonso |
| vs. | ) ) | Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *Bristol County Retirement System v. Allscripts Healthcare Solutions, et al.*, No. 1:12-cv-03297 (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2015, ADDRESSED AS FOLLOWS:

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     CLAIMANT IDENTIFICATION

If you purchased the common stock of Allscripts Healthcare Solutions, Inc. ("Allscripts" or the "Company") during the period from November 8, 2010 through and including April 26, 2012,

and held the common stock in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased common stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-569-1643 to

1010229_3

obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## II.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Allscripts Common Stock" to supply all required details of your transaction(s) in Allscripts common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Allscripts common stock between November 8, 2010 and July 25, 2012, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Allscripts common stock you held at the close of trading on November 7, 2010, April 26, 2012, and July 25, 2012.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Allscripts common stock.  The date of a "short sale" is deemed to be the date of sale of Allscripts common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Allscripts common stock should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 3 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

*Bristol County Retirement System v. Allscripts Healthcare Solutions, Inc., et al.*,

No. 1:12-cv-03297

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:

_____, 2015

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City        State or Province

_____        _____

Zip Code or Postal Code        Country

_____        _____        Individual

Social Security Number or        _____        Corporation/Other
Taxpayer Identification Number

_____        _____

Area Code        Telephone Number (work)

_____        _____

Area Code        Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:        SCHEDULE OF TRANSACTIONS IN ALLSCRIPTS COMMON STOCK

A.      Number of shares of Allscripts common stock held at the close of trading on November 7, 2010: _____.

B.      Purchases of Allscripts common stock between November 8, 2010 and July 25, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales of Allscripts common stock between November 8, 2010 and April 26, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

D.      Sales of Allscripts common stock between April 26, 2012 and July 25, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

E.      Number of shares of Allscripts common stock held at the close of trading on April 26, 2012: _____.

F.      Number of shares of Allscripts common stock held at the close of trading on July 25, 2012: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

### III.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase of Allscripts common stock and know of no other person having done so on my (our) behalf.

### IV.  RELEASE

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Settlement Agreement.

2.  "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which

- 6 -

any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

3.      "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined below), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with: (a) both a Class Member's legal or beneficial acquisition of Allscripts common stock during the Class Period and the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action; or (b) any claims relating to the institution, prosecution, assertion, settlement, or resolution of the Action.

4.      "Released Persons" means each and all of Defendants and each and all of their Related Persons.

5.      "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the

- 7 -

Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

6.      This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Allscripts common stock between November 8, 2010 and July 25, 2012, inclusive, and the number of Allscripts common stock held by me (us) at the close of trading on November 7, 2010, April 26, 2012, and July 25, 2012.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                            (Month/Year)

in _____
        (City)                              (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

- 9 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  **Do not send** original stock certificates.

4.  Keep a copy of your claim form and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send your new address to:

    *Allscripts Securities Litigation*
    Claims Administrator
    c/o Gilardi & Co. LLC
    P.O. Box 8040
    San Rafael, CA  94912-8040

7.  **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2015, ADDRESSED AS FOLLOWS:**

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.allscriptssecuritieslitigation.com

1010229_3

EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Jorge L. Alonso Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:    **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. ("ALLSCRIPTS" OR THE "COMPANY") BETWEEN NOVEMBER 8, 2010 AND APRIL 26, 2012, INCLUSIVE ("CLASS PERIOD")**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of Illinois, a hearing will be held on _____, 2015, at __:__ __.m., before the Honorable Jorge L. Alonso, United States District Judge, at the Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the Action for the sum of Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) in cash should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement dated April 1, 2015; (2) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (3) the reasonableness of the application of Lead Counsel and Lead Plaintiffs for an award of attorneys' fees and expenses in connection with this Action, together with interest thereon.

If you purchased Allscripts common stock during the Class Period, your rights may be affected by this Action and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Allscripts Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or by downloading this information at www.allscriptssecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail (postmarked no later than _____, 2015) or submitted electronically no later than _____, 2015, establishing that you are entitled to a recovery. You will be bound by any judgment rendered

- 1 -

in the Action unless you request to be excluded, in writing, to the above address, postmarked by

_____, 2015.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no

later than _____, 2015, and received by the following no later than _____, 2015:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> THEODORE J. PINTAR
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> SIDLEY AUSTIN LLP
> JAMES W. DUCAYET
> One South Dearborn Street
> Chicago, IL 60603

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING

THIS NOTICE.

DATED: _____, 2015    BY ORDER OF THE COURT
                                                    UNITED STATES DISTRICT COURT
                                                    NORTHERN DISTRICT OF ILLINOIS

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 <br><br> CLASS ACTION |
| Plaintiff, | ) ) ) | Judge Jorge L. Alonso <br> Magistrate Judge Young B. Kim |
| vs. | ) ) | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2015, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement dated April 1, 2015 (the "Stipulation" or the "Settlement Agreement").  Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Class for settlement purposes only defined as:  All persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Allscripts and their families and affiliates.  Also excluded from the Class are those Persons (listed on Exhibit 1 hereto) who timely and validly excluded themselves therefrom.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling

- 1 -

Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

7.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

9.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

10.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly requested exclusion from the Class are permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on _____, 2015 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12.     Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable

- 3 -

was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

15.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

- 4 -

18.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____      _____
                              THE HONORABLE JORGE L. ALONSO
                              UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 2, 2015.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
   & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

E-mail:  Jbarz@rgrdlaw.com

# Mailing Information for a Case 1:12-cv-03297 Bristol County Retirement System v. Allscripts Healthcare Solutions, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel A. Avan**
  ravan@labaton.com

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Walter C. Carlson**
  wcarlson@sidley.com,emaassen@sidley.com,efilingnotice@sidley.com,jplatt@sidley.com

- **Susannah R. Conn**
  sconn@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,efilingnotice@sidley.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Christopher J. Keller**
  ckeller@labaton.com,mrusso@labaton.com,efarber@labaton.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com

- **Zachary Allen Madonia**
  zmadonia@sidley.com,efilingnotice@sidley.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,tcraig@rgrdlaw.com

- **Dominic J. Rizzi**
  drizzi@caffertyclobes.com,csanchez@caffertyclobes.com,docket@caffertyclobes.com,snyland@caffertyclobes.com

- **Michael W. Stocker**
  mstocker@labaton.com,drogers@labaton.com,lmehringer@labaton.com,electroniccasefiling@labaton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)