UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) | Judge Jorge L. Alonso |
| vs. | ) ) | Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

WHEREAS, an action is pending before this Court styled *Bristol County Retirement System v. Allscripts Healthcare Solutions, Inc., et al.*, No. 1:12-cv-03297 (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated April 1, 2015 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and their Related Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on July 22, 2015, at 9:30 a.m., at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, Illinois 60604, to certify a Class of Persons for settlement purposes, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.11 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; to determine the amount of expenses

- 1 -

to be awarded to Lead Plaintiffs for their service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any award of fees and expenses to Plaintiffs' Counsel and to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Class for settlement purposes only defined as:  All persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Allscripts and their families and affiliates.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Within ten (10) calendar days after execution of the Settlement Agreement, counsel for Defendants, if they have not already done so, shall provide the Claims Administrator and Lead Counsel with a list of names and addresses of record holders of Allscripts common stock during the Class Period;

(b)      Not later than April 23, 2015 (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall commence mailing of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the Claims Administrator's website at www.allscriptssecuritieslitigation.com;

1017966_2

(c)    Not later than May 4, 2015, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d)    Not later than July 10, 2015, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.    Nominees who purchased Allscripts common stock for the benefit of another Person during the Class Period, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Allscripts common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

6.    Other than the cost, if any, of providing the names and addresses of Persons who purchased Allscripts common stock during the Class Period to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

7.    All members of the Class (except Persons who request exclusion pursuant to ¶10 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8.      Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than July 22, 2015.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9.      Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10.      Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than July 1, 2015.  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Allscripts common stock from November 8, 2010 through and including April 26, 2012, including the dates, the number of shares of Allscripts common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

- 4 -

11.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing.

12.     Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs and to Lead Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and James W. Ducayet, Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, on or before July 1, 2015; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Illinois, on or before July 1, 2015. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

- 5 -

14.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel and Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than June 17, 2015 and any reply papers shall be filed and served no later than July 10, 2015.

15.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

17.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

18.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

19.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall

- 6 -

commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

20.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED.

4/9/15                                    _____
                                          Jorge L. Alonso
                                          United States District Judge

- 7 -

1017966_2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:12-cv-03297 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Judge Jorge L. Alonso |
| vs. | ) ) | Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

1010218_5

TO:    **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. ("ALLSCRIPTS" OR THE "COMPANY") BETWEEN NOVEMBER 8, 2010 AND APRIL 26, 2012, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JULY 22, 2015.

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois (the "Court"). The purpose of this Notice of Pendency and Proposed Settlement of Class Action ("Notice") is to inform you of the proposed settlement of this securities class action litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement.  The Settlement resolves the Class's claims asserted against the Defendants.  This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

The proposed Settlement creates a fund in the amount of Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) in cash plus interest that accrues on the fund prior to distribution. Based on the information currently available to Lead Plaintiffs and the analysis performed by their damages consultant, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution, the estimated average distribution per share will be approximately $0.10 before deduction of Court-approved fees and expenses.  Historically, actual claims rates are less than 100%, which result in higher distributions per share.  Your actual recovery from this fund will

- 1 -

depend on a number of variables, including the expense of administering the Settlement, number of claimants, the amount of Allscripts common stock you and they purchased, the amount of Allscripts common stock you and they sold, and the timing of your purchases or sales, if any (*see* the Plan of Allocation below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

The Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Allscripts common stock; (3) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of Allscripts common stock; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Allscripts common stock; (5) the effect of various market forces influencing the trading price of Allscripts common stock; (6) the amount by which the price of Allscripts common stock was allegedly artificially inflated (if at all); and (7) the appropriate economic model for determining the amount by which the price of Allscripts common stock was allegedly artificially inflated (if at all). Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted. The Defendants deny that they have violated the federal securities laws or any laws.

Lead Plaintiffs believe that the proposed Settlement is a good recovery and is in the best interests of the Class. There were significant risks associated with continuing to litigate through trial, and if the Defendants succeeded in dismissing the Action, at summary judgment, or prevailed at trial, the Class would receive nothing. In addition, the amount of damages recoverable by the

- 2 -

Class was and is challenged by the Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law, and had the Action gone to trial, the Defendants intended to assert that all of the losses of Class Members were caused by non-actionable market, industry, general economic or company-specific factors, other than the revelation of the facts alleged to be misleadingly stated or omitted.

Lead Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have they been paid their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of up to 33% of the settlement proceeds plus expenses not to exceed $170,000, plus interest on such amounts, all of which shall be paid from the Settlement Fund. If the amounts requested by counsel are approved by the Court, the average cost per share would be approximately $0.035.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed Settlement.

For further information regarding this Settlement you may contact: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 1-800-449-4900. Please do not call any representative of the Defendants or the Court.

## I.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on July 22, 2015, at 9:30 a.m., before the Honorable Jorge L. Alonso, United States District Judge, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, Illinois 60604. The purpose of the Settlement Hearing will be

- 3 -

to determine: (1) whether the Settlement consisting of Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) in cash plus accrued interest on the Settlement Amount should be approved as fair, reasonable, and adequate to the Class, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement dated April 1, 2015; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; and (3) whether the application by Lead Counsel and Lead Plaintiffs for an award of attorneys' fees and expenses should be approved.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Settlement Agreement.

2.    "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.    "Class" means all persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive, and were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of Allscripts and their families and affiliates.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4.    "Class Member" means a Person who falls within the definition of the Class as set forth above.

5.    "Class Period" means the period from November 8, 2010 through and including April 26, 2012.

6.    "Defendants" means Allscripts, Glen E. Tullman, William J. Davis and Lee Shapiro.

7.    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Settlement Agreement have been met and have occurred.

- 4 -

8.     "Escrow Account" means the account controlled by the Escrow Agent.

9.     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

10.     "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached to the Settlement Agreement, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal such that it is no longer subject to any further judicial review of appeal whatsoever, and in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Settlement Agreement.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

11.     "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached to the Settlement Agreement as Exhibit B.

12.     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

13.     "Lead Plaintiffs" means The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund.

14.    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Settlement Agreement, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶6.4 of the Settlement Agreement.

15.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

16.    "Plaintiffs' Counsel" means any counsel who entered an appearance in the Action or any action that has been consolidated with the Action.

17.    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Settlement Agreement and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

18.    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

19.    "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses,

- 6 -

controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined below), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with: (a) both a Class Member's legal or beneficial acquisition of Allscripts common stock during the Class Period and the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action; or (b) any claims relating to the institution, prosecution, assertion, settlement, or resolution of the Action.

20.     "Released Persons" means each and all of Defendants and each and all of their Related Persons.

21.     "Settlement Amount" means Nine Million, Seven Hundred Fifty Thousand Dollars ($9,750,000) in cash paid by or on behalf of Defendants pursuant to ¶3.1 of the Settlement Agreement.

22.     "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

23.     "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

24.     "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

## III. THE LITIGATION

This case is currently pending before the Honorable Jorge L. Alonso in the United States District Court for the Northern District of Illinois ("the Court"). It is brought on behalf of the Class (to be certified for settlement purposes only) of all persons who purchased the common stock of Allscripts between November 8, 2010 and April 26, 2012, inclusive ("the Class Period") and were damaged by Defendants' alleged violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"). The initial complaint was filed on May 2, 2012, and on November 9, 2012, the Court issued an order appointing The Government of Bermuda Contributory and Public Service Superannuation Pension Plans and the International Brotherhood of Electrical Workers Local Union 38 Pension Fund as Lead Plaintiffs, and Robbins Geller Rudman & Dowd LLP Lead Counsel. On January 10, 2013, Lead Plaintiffs filed their complaint, which was amended on May 15, 2013 ("the Amended Complaint").

Lead Plaintiffs alleged in the Amended Complaint that during the Class Period, Defendants made false and misleading statements to investors regarding the success of Allscripts' merger with Eclipsys Corporation, and in particular regarding the progress of Defendants' efforts to integrate the two companies' software products and personnel. Lead Plaintiffs further alleged that Defendants' financial guidance for 2012 did not have a reasonable basis, because of the undisclosed obstacles to

product integration and discord within the Company. Finally, Lead Plaintiffs alleged that Defendant Shapiro sold 100,000 shares of Allscripts stock while in possession of material, nonpublic information, in violation of §20A of the Exchange Act.

From the outset of the litigation, Defendants have denied all of these allegations and have consistently maintained that they never made any statement to the market that was or that they believed was false or misleading, that their statements were forward-looking and protected by the Private Securities Litigation Reform Act's Safe Harbor provisions, and that Defendants' stock sales neither violated §20A of the Exchange Act nor supported an inference of scienter. Defendants believed at the time and still believe that, during the Class Period and at all other times, Defendants' public statements were truthful, accurate, and not misleading, including those statements regarding the integration of products and personnel, and that their 2012 financial guidance had a reasonable basis. As a result, and as argued in their motion to dismiss the Action, which is pending at the time of this Settlement, Defendants contend that Lead Plaintiffs did not plead an actionable claim and cannot prove any element of securities fraud, including, but not limited to, scienter.

On May 28, 2013, Defendants moved to dismiss the Amended Complaint with prejudice, asserting that Lead Plaintiffs failed to state a claim for relief and that further amendments would be futile. Lead Plaintiffs filed their opposition on June 24, 2013, and Defendants filed their reply on July 22, 2013. At the time the Settling Parties reached an agreement to settle the Action, Defendants' motion to dismiss the Amended Complaint was pending before the Court.

During the litigation, the Settling Parties participated in a full-day mediation session, as well as numerous follow up communications, with well-respected mediator Hunter R. Hughes, Esq., who has extensive experience mediating complex class action litigations such as this Action. The mediation included the exchange of lengthy briefs detailing the parties' respective arguments concerning liability and damages and substantial communications with the mediator and with each

- 10 -

other regarding their respective views of the merits of the Action. The parties ultimately agreed to settle the Action based upon a Mediator's Proposal issued by Mr. Hughes.

## IV.     CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. But Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with the pending motion to dismiss, Lead Plaintiffs' forthcoming motion for class certification, Defendants' anticipated summary judgment motion, and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Lead Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is in the best interests of Lead Plaintiffs and the Class.

## V.     THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny that they have violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that

- 11 -

could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Allscripts common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement. As set forth in ¶¶9.2-9.3 of the Settlement Agreement, the Settlement Agreement shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent within ten (10) business days after the later of (a) the order granting the motion for preliminary approval or (b) the receipt by Defendants' counsel of wire/check payee instructions and a Form W-9 providing the tax identification number for the Escrow Account. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted.

- 12 -

In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel and Lead Plaintiffs as attorneys' fees and for expenses in litigating the case. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim and Release forms.

## VII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

### *PLAN OF ALLOCATION*

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

For shares of Allscripts common stock purchased on or after November 8, 2010 through on or before April 26, 2012, the claim per share shall be as follows:

1.      If sold prior to April 27, 2012, then the claim per share is zero.

2.      If sold on or after April 27, 2012 through on or before July 25, 2012, then the claim per share shall be the least of:

- 13 -

(a)     $4.86 per share;

(b)     the difference between the purchase price per share and the sales price per share; and

(c)     the difference between the purchase price per share and the average closing price per share from April 27, 2012 up to the date of sale, as set forth in Table A below.

3.     If retained at the close of trading on July 25, 2012, or sold thereafter, the claim per share shall be the lesser of:

(a)     $4.86 per share; and

(b)     the difference between the purchase price per share and $10.55 per share.

## TABLE A:

| Date | Closing Price | Average Closing Price from April 27, 2012 through Sales Date |
|------|---------------|-------------------------------------------------------------|
| 4/27/2012 | $10.30 | $10.30 |
| 4/30/2012 | $11.10 | $10.70 |
| 5/1/2012 | $10.93 | $10.77 |
| 5/2/2012 | $10.71 | $10.76 |
| 5/3/2012 | $10.61 | $10.73 |
| 5/4/2012 | $10.57 | $10.70 |
| 5/7/2012 | $10.71 | $10.70 |
| 5/8/2012 | $10.75 | $10.71 |
| 5/9/2012 | $10.86 | $10.73 |
| 5/10/2012 | $10.97 | $10.75 |
| 5/11/2012 | $11.08 | $10.78 |
| 5/14/2012 | $11.03 | $10.80 |
| 5/15/2012 | $10.94 | $10.81 |
| 5/16/2012 | $10.95 | $10.82 |
| 5/17/2012 | $10.75 | $10.82 |
| 5/18/2012 | $10.81 | $10.82 |
| 5/21/2012 | $10.97 | $10.83 |
| 5/22/2012 | $11.20 | $10.85 |
| 5/23/2012 | $11.05 | $10.86 |
| 5/24/2012 | $10.93 | $10.86 |
| 5/25/2012 | $10.99 | $10.87 |

- 14 -

| | | |
|---|---|---|
| 5/29/2012 | $11.21 | $10.88 |
| 5/30/2012 | $10.97 | $10.89 |
| 5/31/2012 | $10.82 | $10.88 |
| 6/1/2012 | $10.45 | $10.87 |
| 6/4/2012 | $10.58 | $10.85 |
| 6/5/2012 | $10.53 | $10.84 |
| 6/6/2012 | $10.59 | $10.83 |
| 6/7/2012 | $10.86 | $10.83 |
| 6/8/2012 | $11.04 | $10.84 |
| 6/11/2012 | $10.83 | $10.84 |
| 6/12/2012 | $10.91 | $10.84 |
| 6/13/2012 | $10.70 | $10.84 |
| 6/14/2012 | $11.00 | $10.84 |
| 6/15/2012 | $10.90 | $10.85 |
| 6/18/2012 | $10.93 | $10.85 |
| 6/19/2012 | $10.98 | $10.85 |
| 6/20/2012 | $10.63 | $10.85 |
| 6/21/2012 | $10.09 | $10.83 |
| 6/22/2012 | $10.10 | $10.81 |
| 6/25/2012 | $9.87 | $10.79 |
| 6/26/2012 | $9.98 | $10.77 |
| 6/27/2012 | $9.99 | $10.75 |
| 6/28/2012 | $9.95 | $10.73 |
| 6/29/2012 | $10.93 | $10.73 |
| 7/2/2012 | $10.72 | $10.73 |
| 7/3/2012 | $10.79 | $10.74 |
| 7/5/2012 | $10.71 | $10.73 |
| 7/6/2012 | $10.45 | $10.73 |
| 7/9/2012 | $10.42 | $10.72 |
| 7/10/2012 | $10.01 | $10.71 |
| 7/11/2012 | $10.21 | $10.70 |
| 7/12/2012 | $10.15 | $10.69 |
| 7/13/2012 | $10.34 | $10.68 |
| 7/16/2012 | $9.94 | $10.67 |
| 7/17/2012 | $9.79 | $10.65 |
| 7/18/2012 | $9.49 | $10.63 |
| 7/19/2012 | $9.99 | $10.62 |
| 7/20/2012 | $9.90 | $10.61 |
| 7/23/2012 | $9.51 | $10.59 |
| 7/24/2012 | $9.30 | $10.57 |
| 7/25/2012 | $9.33 | $10.55 |

- 15 -

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Allscripts common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Allscripts common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Allscripts common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction over an appeal by any Class Member of the Claims Administrator's determinations regarding a Class Member's claim or to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. No Person shall have any claim against the Lead Plaintiffs, Lead Plaintiffs' counsel, any claims administrator, or other Person designated by Lead Plaintiffs' counsel, or Defendants or Defendants'

- 16 -

counsel based on distributions made substantially in accordance with the Settlement Agreement and the settlement contained therein, the Plan of Allocation, or further orders of the Court.

## VIII.   PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice.  If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the Settlement in the litigation against the Defendants whether or not you file a Proof of Claim and Release form.

*If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund).  Your interests will be represented by Lead Counsel*.  If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE.  A Proof of Claim and Release is enclosed with this Notice or it may be downloaded at www.allscriptssecuritieslitigation.com.  The Proof of Claim and Release must be postmarked (if mailed) or received (if filed electronically) on or before July 22, 2015.  The claim form may be submitted online at www.allscriptssecuritieslitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Settlement Agreement and the Final Judgment.

## IX.   EXCLUSION FROM THE CLASS

You may request to be excluded from the Class.  To do so, you must mail a written request stating that you wish to be excluded from the Class to:

- 17 -

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases and sales of Allscripts common stock made from November 8, 2010 through April 26, 2012, inclusive, including the dates and prices of each purchase or sale, and the number of shares purchased or sold. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE JULY 1, 2015. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment.

## X. DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Released Persons as provided in the Settlement Agreement.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims, including Unknown Claims, against all Released Persons as provided in the Settlement Agreement.

## XI. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of up to 33% of the Settlement Amount, plus litigation expenses not to exceed $170,000, plus interest thereon. Class Members are not personally liable for any such fees, expenses, or compensation. In addition, Lead Plaintiffs may seek an amount not to exceed a total of $5,000 for their time and expenses incurred in representing the Class.

- 18 -

To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have counsel been paid for their expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiff's counsel under similar circumstances in litigation of this type.

## XII.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Judgment. Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Settling Parties to the Settlement Agreement will be restored to their respective positions as of February 17, 2015.

## XIII.   THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses may appear and be heard at the Settlement Hearing.[1] Any such Person

---

[1] Lead Counsel's pleadings in support of these matters will be filed with the Court on or before June 17, 2015.

must submit and serve a written notice of objection, to be *received* on or before July 1, 2015, by each

of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ILLINOIS
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> THEODORE J. PINTAR
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

> *Counsel for Lead Plaintiffs*

> SIDLEY AUSTIN LLP
> JAMES W. DUCAYET
> One South Dearborn Street
> Chicago, IL 60603

> *Counsel for Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class,

including the number of shares of Allscripts common stock purchased and sold from November 8,

2010 through April 26, 2012, inclusive, and contain a statement of the reasons for objection. Only

Class Members who have submitted written notices of objection in this manner will be entitled to be

heard at the Settlement Hearing, unless the Court orders otherwise.

## XIV.  SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you hold or held any Allscripts common stock purchased between November 8, 2010 and

April 26, 2012, inclusive, as nominee for a beneficial owner, then, within ten (10) calendar days after

you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and

Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of

such Persons to the Claims Administrator:

- 20 -

> *Allscripts Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XV.    EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Settlement Agreement.  For full details of the matters discussed in this Notice, you may review the Settlement Agreement filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  The motion papers, with exhibits, including the Settlement Agreement, are also available on the Court's ECF website (for a fee).  Certain papers relating to the Settlement, including the Settlement Agreement, are also available at the Claims Administrator's website www.allscriptssecuritieslitigation.com.

If you have any questions about the Settlement of the Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA  92101, 1-800-449-4900.

- 21 -

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2015          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF ILLINOIS

1010218_5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 <br><br> CLASS ACTION |
| Plaintiff, | ) ) ) | Judge Jorge L. Alonso <br> Magistrate Judge Young B. Kim |
| vs. | ) ) | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *Bristol County Retirement System v. Allscripts Healthcare Solutions, et al.*, No. 1:12-cv-03297 (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN JULY 22, 2015, ADDRESSED AS FOLLOWS:

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.      CLAIMANT IDENTIFICATION

If you purchased the common stock of Allscripts Healthcare Solutions, Inc. ("Allscripts" or the "Company") during the period from November 8, 2010 through and including April 26, 2012,

- 1 -

and held the common stock in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased common stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-569-1643 to

- 2 -

obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## II.  CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Allscripts Common Stock" to supply all required details of your transaction(s) in Allscripts common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Allscripts common stock between November 8, 2010 and July 25, 2012, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Allscripts common stock you held at the close of trading on November 7, 2010, April 26, 2012, and July 25, 2012. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Allscripts common stock. The date of a "short sale" is deemed to be the date of sale of Allscripts common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Allscripts common stock should be attached to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 3 -

1010229_4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

*Bristol County Retirement System v. Allscripts Healthcare Solutions, Inc., et al.*,

No. 1:12-cv-03297

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:

July 22, 2015

<u>Please Type or Print</u>

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____     _____

City                                    State or Province

_____     _____

Zip Code or Postal Code                 Country

_____     _____     Individual
                                        _____     Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____     _____

Area Code              Telephone Number (work)

_____     _____

Area Code              Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:      SCHEDULE OF TRANSACTIONS IN ALLSCRIPTS COMMON STOCK

A.      Number of shares of Allscripts common stock held at the close of trading on November 7, 2010: _____.

B.      Purchases of Allscripts common stock between November 8, 2010 and July 25, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales of Allscripts common stock between November 8, 2010 and April 26, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

D.      Sales of Allscripts common stock between April 26, 2012 and July 25, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

E.      Number of shares of Allscripts common stock held at the close of trading on April 26, 2012: _____.

F.      Number of shares of Allscripts common stock held at the close of trading on July 25, 2012: _____.

- 5 -

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

## III.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase of Allscripts common stock and know of no other person having done so on my (our) behalf.

## IV.   RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Settlement Agreement.

2.      "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which

- 6 -

any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

3.      "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined below), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with: (a) both a Class Member's legal or beneficial acquisition of Allscripts common stock during the Class Period and the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action; or (b) any claims relating to the institution, prosecution, assertion, settlement, or resolution of the Action.

4.      "Released Persons" means each and all of Defendants and each and all of their Related Persons.

5.      "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the

- 7 -

Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

6. This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

7. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Allscripts common stock between November 8, 2010 and July 25, 2012, inclusive, and the number of Allscripts common stock held by me (us) at the close of trading on November 7, 2010, April 26, 2012, and July 25, 2012.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                            (Month/Year)

in _____
            (City)                        (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

- 9 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  **Do not send** original stock certificates.

4.  Keep a copy of your claim form and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send your new address to:

    *Allscripts Securities Litigation*
    Claims Administrator
    c/o Gilardi & Co. LLC
    P.O. Box 8040
    San Rafael, CA  94912-8040

7.  **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR, IF
MAILED, POSTMARKED NO LATER THAN JULY 22, 2015, ADDRESSED AS
FOLLOWS:**

*Allscripts Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.allscriptssecuritieslitigation.com

- 10 -

1010229_4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | No. 1:12-cv-03297 |
| | CLASS ACTION |
| Plaintiff, | Judge Jorge L. Alonso |
| | Magistrate Judge Young B. Kim |
| vs. | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | |
| Defendants. | |

SUMMARY NOTICE

EXHIBIT A-3

TO: **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. ("ALLSCRIPTS" OR THE "COMPANY") BETWEEN NOVEMBER 8, 2010 AND APRIL 26, 2012, INCLUSIVE ("CLASS PERIOD")**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of Illinois, a hearing will be held on July 22, 2015, at 9:30 a.m., before the Honorable Jorge L. Alonso, United States District Judge, at the Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the Action for the sum of Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) in cash should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement dated April 1, 2015; (2) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (3) the reasonableness of the application of Lead Counsel and Lead Plaintiffs for an award of attorneys' fees and expenses in connection with this Action, together with interest thereon.

If you purchased Allscripts common stock during the Class Period, your rights may be affected by this Action and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Allscripts Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or by downloading this information at www.allscriptssecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail (postmarked no later than July 22, 2015) or submitted electronically no later than July 22, 2015, establishing that you are entitled to a recovery. You will be bound by any judgment rendered

- 1 -

in the Action unless you request to be excluded, in writing, to the above address, postmarked by July 1, 2015.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than July 1, 2015, and received by the following no later than July 1, 2015:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> THEODORE J. PINTAR
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> SIDLEY AUSTIN LLP
> JAMES W. DUCAYET
> One South Dearborn Street
> Chicago, IL 60603

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: _____, 2015 BY ORDER OF THE COURT
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS

1010234_3